**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Darren L Petty
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

A·G Pamela Bondi / DOJ
Federal Bureau of Prisons
_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**RECEIVED**

MAR 1 2 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**COMPLAINT**

Jury Trial: ☑ Yes ☐ No

*(check one)*

**I.**  **Parties in this complaint:**

A.  List your name, address and telephone number. Do the same for any additional   plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name   Darren Petty

Street Address   3426 Tampa St

County, City   Philadelphia, PA1913

State & Zip Code   PA 19134

Telephone Number   646408 0189

B.    List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name _____

Street Address _____

County, City _____

State & Zip Code _____

Defendant No. 2

Name _____

Street Address _____

County, City _____

State & Zip Code _____

Defendant No. 3

Name _____

Street Address _____

County, City _____

State & Zip Code _____

Defendant No. 4

Name _____

Street Address _____

County, City _____

State & Zip Code _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff   ☒ U.S. Government Defendant

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at

issue? _____

_____

_____

- 2 -

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____ USA _____

Defendant(s) state(s) of citizenship _____ PA _____

**III.    Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? __Ft Dix Federal Prison__

B.    What date and approximate time did the events giving rise to your claim(s) occur? __Aug 23, 2022__ and Dct 4, 2022 previous 2017 News Article Printed on Intranet a BOP in 2017

C.    Facts: I will Prove a Prima Fice case as to prove Fraud, retalliation and purjury along with hearsay violation of Discovery Rule, Defendant Conceal ment and Falsified Evidence along with violations of Due process and entrapment Under the color of law. Reprisal

The employees of the Bureau of Prisons to include Warden Ortiz, Christian Dyan, Marshall Grissom, Valarie Cross, andy Cruz Ashley Marrie Dillon and Meagan Boze along with Cpt. Walter + two OIG investigators. Falsified Evidence 1:18 CV 17142

Violation of 1, 5 and 14 amendment and entrapment Defrauded the taxpayers over 100,000 $$.

- 3 -

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  Financial, Damage to reputation, loss of funds Psychological Damage, inaccurate information barring myself from federal Employment, Relationships through Defamation and slander due to false article published By NJ.com

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.  To be made whole, punitive and compensatory Damages Pain and suffering and to be made whole.

-4-

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_12\_\_ day of \_\_\_\_March_____, 20\_26\_.

Signature of Plaintiff _____

Mailing Address \_\_\_\_3426 Tampa St_____

_____

Telephone Number \_\_\_646 4080189_____

Fax Number *(if you have one)* _____

E-mail Address \_\_\_DarrenL_Petty@AOL.com\_\_\_

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: _____

information.  In completing the appeal form through the Public Portal, when answering the question "which agency is named in your complaint," please make sure that you select the magnifying glass icon next to the answer box.  From the drop-down menu that appears listing all Department of Justice (DOJ) components, you must select the appropriate DOJ component before answering the remaining questions.  In this case, you should select the "DOJ Federal Bureau of Prisons" option from that menu.  During the adjudication of your appeal, you can also use the EEOC Public Portal to view and download the appellate record.

The electronic appeal form also requires you to specify the date and method by which you sent a copy of your appeal to the representative for the agency component.  Please be aware that the BOP representative for accepting a copy of your appeal is EEO Officer D. Martin Hill.  As with the EEOC, the BOP has asked that, wherever possible, all copies of appeals be sent to the BOP electronically.  Specifically, the BOP has asked that copies of appeals be sent electronically to Mr. Hill at bop-prd-eeooffice-s@bop.gov.

If you do not have access to a computer for electronic filing, you may file your appeal by mail by sending the attached EEOC Form 573, Notice of Appeal/Petition, to Carlton M. Hadden, Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC, 20013-8960.  You must also send a copy of your notice of appeal that you file with the OFO to D. Martin Hill, 320 First St., NW, Room 1044, Washington, DC 20534.  When electronically filing your appeal with the EEOC through the EEOC Public Portal, you must state, either on, or attached to, the notice of appeal, the date and method by which you sent the copy of the appeal to Mr. Hill.

You have the right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision.  In filing your federal complaint, you should name Attorney General Pamela Bondi as the defendant.  Even if you appeal this decision to the EEOC, you still have the right to go to federal court.  You may file a civil action in the United States District Court within 90 days of the day you receive the EEOC's final decision on your appeal, or after 180 days from the date you filed your appeal with the EEOC, if the EEOC has not made a final decision by that time.  Please note that if you file a civil action in United States District Court, the EEOC will terminate your EEOC appeal proceedings.

2

If you cannot afford to file a civil action, you can ask the court to allow you to file the action at no cost to you. The court may also provide you with an attorney if you cannot afford to hire one to represent you in your civil action. Questions concerning when and how to file a waiver of costs should be directed to your attorney or the District Court clerk.

Sincerely,

Kathleen J. Monaghan
Acting Complaint Adjudication Officer

cc:  Joel A. Kravetz
     D. Martin Hill

3



**U.S. Department of Justice**

**Complaint Adjudication Office**

Agency Complaint No. BOP-2022-01020

---

*4CON*
*150 M St. NE, Room 6.1607A*
*Washington, DC 20530*

December 16, 2025

Darren L. Petty
DarrenLPetty@aol.com

Dear Darren L. Petty:

This is in reference to the complaint of discrimination that you filed against the Federal Bureau of Prisons (BOP). Under federal equal employment opportunity regulations, the Department of Justice renders the final decision on your petition. Enclosed is the final Department of Justice decision. The Department of Justice determined that the BOP did not subject you to disparate treatment based on race, sex, or reprisal. If you disagree with any part of the decision, you may appeal it by following the instructions below.

### Rights of Appeal

You have the right to appeal any part of this decision to the Equal Employment Opportunity Commission (EEOC). You may do so by filing your appeal with the EEOC's Office of Federal Operations (OFO) within thirty days of the date you receive this decision. If you are represented by an attorney of record, the thirty-day appeal period shall begin to run the day your attorney receives this decision.

Immediately below are instructions for filing an appeal electronically or by U.S. mail. The OFO strongly encourages complainants to file their appeals online at the EEOC's Public Portal located at publicportal.eeoc.gov/portal.

If filing electronically, please click on the "Filing with the EEOC" link. If you do not already have Public Portal credentials, you will be asked to register by entering your contact information and confirming your email address. Once you are registered you can request an appeal, upload relevant documents (e.g., a statement or brief in support of your appeal), and manage your personal and representative

1



**U.S. Department of Justice**

Complaint Adjudication Office

Agency Complaint Number BOP-2022-01020

*4CON*
*150 M St. NE*
*Room 6.1607A*
*Washington, DC 20530*

December 16, 2025

DEPARTMENT OF JUSTICE FINAL AGENCY DECISION

in the matter of

Darren L. Petty v. Federal Bureau of Prisons

On November 15, 2022, complainant Darren L. Petty, a former Federal Bureau of Prisons (BOP) employee and an applicant for a position at the United States Penitentiary in Thomson, Illinois, (USP Thomson), filed an employment discrimination complaint against the BOP under Section 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (Title VII), and 29 C.F.R. § 1614.101(a)-(b). The issues presented are whether the BOP subjected complainant to disparate treatment based on his race (African American), sex, and/or reprisal when:

1. On August 23, 2022, BOP management did not select him for a Correctional Systems Officer position at USP Thomson, and

2. On October 4, 2022, the Human Resources Department asked him to submit information regarding an investigation that he was involved in when he previously worked for the BOP.

I. Legal Standards

A. Race and Sex Discrimination

To establish an inference of intentional discrimination based on race or sex, the record must show that 1) complainant belongs to a protected group, 2) complainant was qualified for the position in question, 3) complainant was subjected to an adverse employment action, and 4) similarly situated individuals not in complainant's protected group were treated differently. Tex. Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 256 (1981); Stevens v. EEOC, EEOC No. 01970848 (Aug. 14, 1997) (citing Smith v. Dep't of the Air Force, EEOC No. 01932276 (May 19, 1994)).

An adverse employment action is an action that produces "some harm" to an identifiable term or condition of employment, but that harm need not be "significant." Muldrow v. City of St. Louis, 144 S. Ct. 967, 974 (2024).

B.    Reprisal

To establish an actionable reprisal claim, the record must show that 1) complainant engaged in protected EEO activity, 2) complainant experienced a materially adverse employment action, and 3) there was a causal connection between the protected conduct and the adverse action. Jackson v. United Parcel Serv., 548 F.3d 1137, 1142 (8th Cir. 2008); Enica v. Principi, 544 F.3d 328, 343 (1st Cir. 2008). A materially adverse action is one that would likely deter a reasonable employee from engaging in EEO activity. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

C.    Pretext

Regardless of the basis of discrimination, where management offers legitimate, nondiscriminatory reasons for its actions, the record must show that management's proffered reasons are not credible and that management was actually motivated by one or more of complainant's protected traits. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 519–25 (1993); Burdine, 450 U.S. at 256. Without a showing of pretext, a complainant cannot prevail on her intentional discrimination claim. Hicks, 509 U.S. at 519–25.

D.    Non-Selection

In a job selection context, an inference of discrimination and pretext can be established where the record shows that a complainant was clearly more qualified for the position than the selectee. Ash v. Tyson Foods, 546 U.S. 454 (2006). When two candidates are just as qualified for the position, it is within the employer's right to choose between them, and no discriminatory intent will be inferred from the comparison as long as the decision is not based on unlawful criteria. Simms v. Okla. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1330 (10th Cir. 1999).

II.    Legal Analysis

2

A.    Allegation One

Assuming that complainant established an actionable disparate treatment claim, management provided legitimate, nondiscriminatory reasons for not selecting complainant for the GL-08 Correctional Systems Officer (CSO) position.  USP Thomson Warden Thomas Bergami (white, male) was the selecting official. Report of Investigation (R.) at 81.  Bergami explained that management interviewed several candidates for the CSO position, including complainant.  R. at 81-82.  He said that following the interviews, he made a selection based on the candidates' resumes, interviews, reference checks, and Office of Internal Affairs (OIA) checks.  R. at 84-85.  Bergami explained that he selected James Vongxay (male) and Austin Miller (male) for the CSO positions.[1]  R. at 89, 101.  Bergami explained that Miller and Vongxay were better qualified for the CSO position than complainant, as Miller had more education than complainant and Vongxay had more leadership experience than complainant.  R. at 84-85, 96.  Nothing impeaches management's explanation.

The record does not establish that complainant was more qualified for the CSO position than selectees Vongxay or Miller. The record shows that complainant had more than ten years of experience with the BOP, while Vongxay had eight years and Miller had five years of BOP experience.  R. at 61, 218-36, 243-51, 264-70.  But at the time of selection, Miller and Vongxay were current BOP employees, and complainant had not worked for the BOP since 2020.  Id.  When complainant last worked for the BOP, he was a GL-08 Correctional Officer.  R. at 219.  At the time of selection, Vongxay was a GS-09 or GS-11 Lieutenant and Miller was a GL-07 Senior Officer.  R. at 243-54, 264-70. Further, Vongxay and Miller both had more leadership experience than complainant.  Id.  Vongxay had been a Lieutenant at USP Thomson for three years.  Id.  And Vongxay and Miller both gained several years of leadership experience in the military. Id.  Complainant's resume did not indicate that he had as much leadership experience as Miller or Vongxay.  R. at 218-36. Though complainant was qualified for the position, the evidence does not establish that he was clearly more qualified than Vongxay or Miller.

The record contains no other direct or indirect evidence that complainant's protected traits influenced this selection. Warden Bergami was unaware of complainant's protected traits.

---

[1] The record does not identify the races of selectees Vongxay and Miller.

3

R. at 80-81; see Holmes v. Potter, 384 F.3d 356, 362 (7th Cir. 2004) (explaining that "[u]sually, an employer's lack of knowledge about a protected category rings a death knell for discrimination claims"). That Bergami selected selectees Vongxay and Miller, who were both men, also undermines complainant's sex discrimination claim. And beyond complainant's bare assertions, nothing suggests that BOP management acted with discriminatory intent when it made the selection decision. See Pedro C. v. Dep't of Homeland Sec., EEOC No. 2020004259 (Jan. 24, 2022) (explaining that mere speculation does not establish that agency officials acted based on discriminatory intent). Thus, there is no basis for finding that the BOP subjected complainant to disparate treatment.

    B.    Allegation Two

    As to complainant's second allegation, the record does not establish an actionable disparate treatment claim. The evidence does not show that complainant suffered any colorable harm when the USP Thomson Human Resource Department (HRD) asked him to provide information about an OIA investigation that he was involved in when he previously worked at the BOP. R. at 85-86, 130-31, 135-46. This request did not harm a term or condition of complainant's employment, and it would not have deterred a reasonable employee from engaging in protected activity. See id.; Muldrow, 144 S. Ct. at 974; White, 548 U.S. at 68.

    The BOP also provided legitimate, nondiscriminatory reasons for the request. The BOP explained that in 2022, complainant applied for several positions at USP Thompson, including a Correctional Officer (CO) position. R. at 85-86, 124-25, 130. As part of the hiring process, complainant had to complete a pre-employment questionnaire. R. at 130-31. On the questionnaire, complainant had to disclose any OIA investigations he was involved in during his prior BOP employment. Id. Complainant did not disclose any such investigations on his questionnaire. Id.

    During the hiring process for the CO position, the HRD discovered that complainant had been involved in OIA investigations during his prior BOP tenure. R. at 85-86, 130-31. Because the HRD did not have access to those investigations and complainant did not disclose any information about those investigations, the HRD asked him to provide information about those investigations. R. at 130-31, 135-46. The HRD noted that

4

this request was consistent with BOP policy. R. at 131-32. Nothing suggests that the BOP treated complainant less favorably than similarly situated individuals when it asked him to provide information about those investigations. And the record lacks any evidence that the BOP acted based on complainant's protected classes.

Some of complainant's statements in the record indicate that he is attempting to challenge the OIA's investigations and findings. See Correspondence File at 14-15, 17, 76; Emails from complainant to the CAO (Sept. 11, 2023); Email from complainant to the CAO (Sept. 28, 2023). But a complainant cannot use the EEO process to lodge a collateral attack on another forum's proceedings. See Cleveland v. U.S. Postal Serv., EEOC No. 0520110383 (Sept. 29, 2011); Wills v. Dep't of Def., EEOC No. 05970596 (July 30, 1998). To the extent that complainant is attempting to challenge the OIA's investigations or findings, his allegation constitutes an impermissible collateral attack. See id. The EEO process is not the proper forum to challenge the OIA's investigations or findings. There is therefore no basis for finding the BOP liable for disparate treatment in this instance.

## Decision

For these reasons, the record does not establish that the BOP subjected complainant to disparate treatment based on race, sex, or reprisal.

_Kathleen J. Monaghan_
Kathleen J. Monaghan
Acting Complaint Adjudication Officer


/s/ Emily Elliott
Emily Elliott
Attorney Advisor
Complaint Adjudication Office

5