IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DARREN L. PETTY,<br><br>Plaintiff,<br><br>v.<br><br>PAMELA BONDI, AG/DOJ and FEDERAL BUREAU OF PRISONS,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:26-cv-2572 (KMW/SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the application ("Application") of *pro se* plaintiff Darren L. Petty to proceed *in forma pauperis* ("IFP") (ECF No. 1-4); and Plaintiff having brought this action against Defendants Pamela Bondi, AG/DOJ and the Federal Bureau of Prisons; and the Court finding as follows:

1. On March 12, 2026, Plaintiff filed a complaint (ECF No. 1), to which he attached a decision by the Department of Justice, Complaint Adjudication Office ("DOJ"), dated December 16, 2025, in connection with an administrative employment discrimination complaint that Plaintiff previously filed against the Federal Bureau of Prisons ("BOP") on November 15, 2022.

2. It appears that Plaintiff, in the administrative action, challenged a decision by the BOP not to hire him as a Correctional Systems Officer ("CSO") at the United States Penitentiary in Thomson, Illinois ("USP Thomson"). The DOJ's written decision indicates that Plaintiff alleged he was subjected to disparate treatment based on his race, sex, or reprisal when the BOP (1) did not select him for a CSO position at USP Thomson, and (2) asked him to submit information regarding a previous investigation that Plaintiff was involved in during his prior employment with the BOP.

3. Plaintiff subsequently filed an "exhibit" to the complaint (ECF No. 3), which includes a deposition transcript from a civil matter, *Dillon v. Whitaker*, Civil Action No. 18-17142; a news article from January 31, 2019 concerning the same civil matter; and a letter to a non-party, Ashley Dillon from the DOJ dated April 7, 2020. It appears from these attachments that Ms. Dillon was a female guard who worked with Plaintiff at FCI Fort Dix, accused Plaintiff of sexual harassment, and subsequently filed a civil suit against the DOJ for failure to intervene despite her alleged reports of harassment.

4. In the December 16, 2025 written decision, the DOJ concluded that that the record did not establish that the BOP subjected Plaintiff to disparate treatment based on race, sex, or reprisal when Plaintiff was not selected for the CSO position at USP Thomson.

5. In addition, the DOJ noted that Plaintiff appeared to be challenging the findings made in connection with the investigation of claims by Ms. Dillon during Plaintiff's prior tenure at FCI Fort Dix. The DOJ stated that "a complainant cannot use the EEO process to lodge a collateral attack on another forum's proceeding" and that the "EEO process is not the proper forum to challenge the OIA's investigations or findings." (Compl. 13, Dkt. No. 1.)

6. It appears that Plaintiff, in the present action, is now attempting to challenge the underlying investigation regarding the claims by Ms. Dillon when Plaintiff was employed at FCI Fort Dix. Plaintiff alleges that the events giving rise to his claim occurred at FCI Fort Dix and that employees of the BOP falsified evidence. Plaintiff states that he will "prove a prima facie case as to prove fraud, retaliation and perjury along with hearsay violation of discovery rule, [] concealment and falsified evidence," and "violations of due process and entrapment under the color of law." (Compl. 3.) Plaintiff identifies violations of the First, Fifth and Fourteenth Amendments, "entrapment," and fraud. (*Id.*) He also alleges that "inaccurate information" has "barr[ed] [him] from federal employment." (*Id.* at 4.)

7. Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The decision to grant IFP status "depends solely on whether the affiant is economically eligible." *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (internal quotation omitted). A person seeking to proceed IFP need not be "absolutely destitute to enjoy the benefits of the statute," *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), but must "establish that he is unable to pay the costs of his suit." *Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

8. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees and, as such the Application to proceed IFP is granted.

9. The Court shall now screen the action to determine whether the complaint: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii).

10. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a

claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

11. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

12. Here, the complaint makes only conclusory statements. Plaintiff sets forth no facts to support his contention that the investigation at FCI Fort Dix was fraudulent or otherwise improper.

13. Because the complaint fails to set forth the factual basis of the claims brought by Plaintiff, the Court shall dismiss the complaint without prejudice. Plaintiff shall be provided an additional opportunity to amend the complaint to clarify the nature of the claims asserted in this case.[1]

Therefore, **IT IS** this 17th day of **November, 2026, ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is **GRANTED.**

[1] Although the Court is unable to assess the specific nature of the claims asserted herein, the Court notes that the Federal Tort Claims Act waives the United States' sovereign immunity for claims sounding in state tort law for money damages. 28 U.S.C. § 2674 (waiving sovereign immunity to make the United States liable "in the same manner and to the same extent as a private individual under like circumstances"). However, this waiver of immunity is subject to certain limitations and jurisdictional requirements. First, the United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). Second, a plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a). In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015)(stating that exhaustion is "jurisdictional and cannot be waived"). Moreover, the FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Plaintiff must consider these limitations and requirements when deciding whether to file an amended complaint, particularly given that it appears the underlying investigation occurred in 2017 or 2018 and claims arising therefrom may be time-barred.

2. Plaintiff's complaint is **DISMISSED without prejudice**. Plaintiff may file by December 7, 2026 an amended complaint in accordance with the foregoing.

KAREN M. WILLIAMS
United States District Judge